NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ARACELI REYES CRUZ, AKA Ariel Perez Reyes, AKA Elena Flores Reyes,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    17-70906

Agency No. A079-159-952

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Araceli Reyes Cruz, native and citizen of Mexico, petitions for

review of the decision by the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order of an Immigration Judge ("IJ") denying Petitioner's

application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction over this appeal under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's legal conclusions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review the agency's factual findings for substantial evidence, and the agency's findings will be upheld unless "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

"To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).[1] Proving past persecution "gives rise to a rebuttable presumption of future persecution." *Id.* at 1060.

---

[1] The IJ made an adverse credibility finding because Petitioner did not mention sexual harassment from police officers during her credible fear interview. The BIA upheld the IJ's adverse credibility finding and agreed with the IJ that, even assuming that Petitioner is credible, Petitioner is not otherwise eligible for asylum, withholding of removal, or relief under CAT. We assume without deciding that Petitioner is credible.

1.    Substantial evidence supports the agency's denial of Petitioner's claim for asylum. First, substantial evidence supports the BIA's conclusion that the extortion faced by Petitioner and her family was economically motivated and lacked a nexus to her membership in the Flores-Reyes family. *See Rodriguez-Zuniga*, 69 F.4th at 1019 (extortion motivated by purely monetary interests bears no nexus to any protected ground). Petitioner's testimony that her family was targeted for extortion because of her husband's former job as a carpenter does not compel the conclusion that the extortion was not economically motivated.

Second, substantial evidence supports the BIA's conclusion that the proposed group "Mexican female head of households who are susceptible to harm based on the mentality that women are to live under male domination" is not socially distinct. Petitioner presented only evidence concerning generalized violence against women in Mexico, which does not compel the conclusion that female heads of households are socially distinct or targeted specifically for harm. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181-82 (9th Cir. 2021) (evidence regarding generalized violence against women in El Salvador did not compel the finding that Salvadoran society perceives as distinct "women who refuse to be girlfriends of MS gang members" or "women who refuse to be victims of violent sexual predation of gang members").

2.    Because Petitioner has not established eligibility for asylum, she

3

necessarily "was not eligible for withholding of removal, which imposes a heavier burden of proof." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3.   Substantial evidence also supports the agency's denial of Petitioner's claim for CAT relief. "Under the CAT's implementing regulations, the applicant bears the burden of proof to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Lanza v. Ashcroft*, 389 F.3d 917, 935-36 (9th Cir. 2004) (internal quotation marks and citations omitted). Petitioner has not met this burden because "generalized evidence of violence and crime in Mexico is not particular to Petitioner[] and is insufficient to meet this standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**[2]

---

[2] The motion for stay of removal, Dkt. No. 1, is denied effective upon the issuance of the mandate from this court.